UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

216 EAST 29TH STREET TRUST,

        Plaintiff,

    v.

CITY OF NEW YORK,

        Defendant.

Case No. 1:24-cv-595 (ER)

# MEMORANDUM OF LAW IN SUPPORT OF SAFE HORIZON, INC.'S MOTION TO INTERVENE

Date: April 15, 2024

Evan Henley
THE LEGAL AID SOCIETY
49 Thomas Street, Floor 5
New York, NY 10013
Tel.: 212-298-5233
ewhenley@legal-aid.org

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................. 1
BACKGROUND ..................................................................................................................... 1
ARGUMENT ........................................................................................................................... 2
    A.    Safe Horizon meets the requirements for permissive intervention. ................................ 2
        1.    Safe Horizon's motion to intervene is timely. ............................................................ 3
        2.    Safe Horizon has a substantial and unique interest in this litigation. ......................... 5
    B.    Safe Horizon will significantly contribute to the just and equitable adjudication of the validity of the NYCHRL's prohibition on source of income discrimination. ............................ 7
CONCLUSION ........................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**

*"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238 (2d Cir. 2006) .................. 2
*335-7 LLC v. City of New York*, No. 20 Civ. 1053 (ER), 2020 U.S. Dist. LEXIS 102425
    (S.D.N.Y. June 11, 2020)................................................................................................ 2, 4, 7, 8
*Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83 (D. Conn. 2014).................................................................. 5
*Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100 (D. Conn. 2007) ........................... 3, 4
*Blatch v. Franco*, No. 97-cv-3918, 1998 U.S. Dist. LEXIS 7717 (S.D.N.Y. May 26, 1998) ........ 4
*Bldg. & Realty Inst. v. New York*, No. 19-CV-11285 (KMK); No. 20-CV-634 (KMK), 2020 U.S.
    Dist. LEXIS 174577 (S.D.N.Y. Sept. 23, 2020) ............................................................ 2, 5, 8, 9
*Bldg. & Realty Inst. v. New York*, No. 19-CV-11285 (KMK); No. 20-CV-634 (KMK), 2021 U.S.
    Dist. LEXIS 174535 (S.D.N.Y. Sept. 14, 2021) .......................................................................... 9
*Centro de la Communidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104 (2d
    Cir. 2017) .................................................................................................................................. 6
*Commack Self-Service Kosher Meats v. Rubin*, 170 F.R.D. 93 (E.D.N.Y. 1996) ...................... 3, 4
*Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014) .............................................................. 2
*Herdman v. Town of Angelica*, 163 F.R.D. 180 (W.D.N.Y. 1995)................................................. 4
*Irish Lesbian & Gay Org. v. Giuliani* 143 F.3d 638 (2d Cir. 1998) .............................................. 7
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................................... 5
*McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233 (S.D.N.Y. 1989) .............................. 4, 5
*Miller v. Silbermann*, 832 F. Supp. 663 (S.D.N.Y. 1993) ..................................................... 2, 5, 7
*Nnebe v. Daus*, 644 F.3d 147 (2d Cir. 2011) ................................................................................. 7
*Patel v. City of Los Angeles*, 576 U.S. 409 (2015) ........................................................................ 9
*Sibron v. New York*, 392 U.S. 40, 59 (1968).................................................................................. 9
*U.S. Postal Serv. v. Brennan*, 579 F.2d 188 (2d Cir. 1978).......................................................3, 7
*Up State Tower Co. v. Town of Cheektowaga*, No. 1:19-cv-280, 2019 U.S. Dist. LEXIS 160084
    (W.D.N.Y. Sept. 17, 2019) ....................................................................................................... 2
*Va. House of Delegates v. Bethune Hill*, 139 S. Ct. 1945 (2019) .................................................. 5
*Yang v. Kellner*, No. 20 Civ. 3325 (AT), 2020 U.S. Dist. LEXIS 77975 (S.D.N.Y. May 3, 2020) 3

**Statutes**
NYC Admin. Code § 8-107 ............................................................................................................ 6

**Rules**
Fed. R. Civ. P. 24............................................................................................................................ 2

**PRELIMINARY STATEMENT**

Plaintiff 216 East 29th Street Trust ("the Trust") has filed a lawsuit challenging the constitutionality of the New York City Human Rights Law's ("NYCHRL") prohibition on source of income discrimination against Section 8 voucher holders. Safe Horizon, Inc. ("Safe Horizon") seeks to intervene in this lawsuit, bring its knowledge regarding the operation of the Section 8 program and the NYCHRL to bear, and join Defendant City of New York ("the City") to defend the constitutionality of this critically important law, which not only protects over 125,000 Section 8 voucher holders from discrimination but promotes integration and reduces homelessness.

**BACKGROUND**

Founded in 1978, Safe Horizon is a non-profit organization that serves under resourced and vulnerable New Yorkers, including those who are unsheltered, unstably housed, or homeless due to domestic violence, abuse, and other forms of violence. Vante Decl. para. 2. Through its Streetwork Project, Safe Horizon serves homeless, unsheltered, and unstably housed youth. *Id.* para. 3. Among other services, the Streetwork Project offers drop-in centers that provide food, hygiene items, and other resources to homeless youth. *Id.* paras. 4, 13. It also employs housing navigators who assist clients with locating housing opportunities and the housing application and move-in process. *Id.* para. 8. The Streetwork Project alone serves over 200 clients with Section 8 Emergency Housing Vouchers. *Id.* para. 5. It frequently uses the NYCHRL to overcome source of income discrimination. *Id.* paras. 15-16. Safe Horizon has also been a plaintiff in a lawsuit alleging an NYCHRL source of income discrimination claim. *Id.* para. 17.

1

**ARGUMENT**

**A. Safe Horizon meets the requirements for permissive intervention.**

A court may grant permissive intervention when the applicant makes a timely motion that "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is discretionary, but "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Courts should liberally grant permissive intervention. *Miller v. Silbermann*, 832 F. Supp. 663, 673 (S.D.N.Y. 1993). "To be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). For permissive intervention motions, courts in this Circuit consider the four factors as a whole and apply them in a "flexible and discretionary" manner. *Bldg. & Realty Inst. v. New York*, No. 19-CV-11285 (KMK); No. 20-CV-634 (KMK), 2020 U.S. Dist. LEXIS 174577, at *14 (S.D.N.Y. Sept. 23, 2020) (citations omitted). "While failure to show inadequate representation may warrant denial of intervention of right, a finding that party representation be inadequate is not required for a district court to grant permissive intervention." *335-7 LLC v. City of New York*, No. 20 Civ. 1053 (ER), 2020 U.S. Dist. LEXIS 102425, at *10-11 (S.D.N.Y. June 11, 2020) (citation and internal quotation marks omitted); *see also Bldg. & Realty Inst.*, 2020 U.S. Dist. LEXIS 174577, at *36-38 (collecting cases); *Up State Tower Co. v. Town of Cheektowaga*, No. 1:19-cv-280, 2019 U.S. Dist. LEXIS 160084, at *7 (W.D.N.Y. Sept. 17, 2019) (citation and internal quotation marks omitted) ("Rule 24(b) does not

2

list inadequacy of representation as one of the considerations for the court in exercising its discretion under Rule 24(b) and although a court may consider it, it is clearly a minor factor at most.").

    1. *Safe Horizon's motion to intervene is timely.*

Safe Horizon's motion to intervene satisfies the "principal consideration" for permissive intervention: it will not cause undue delay or prejudice. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Factors relevant to whether a motion to intervene is timely include (1) how long the movant had notice of the main action, (2) prejudice to existing parties from any delay, (3) prejudice to the movant if the motion is denied, and (4) any unusual circumstances. *E.g.*, *Commack Self-Service Kosher Meats v. Rubin*, 170 F.R.D. 93, 100 (E.D.N.Y. 1996).

Here, the Trust filed its complaint and a motion for preliminary injunction on January 26, 2024, ECF Nos. 1-2, and an amended complaint on March 13, 2024, ECF No. 21. Safe Horizon informed the Court of its intent to seek intervention on March 15, 2024, approximately one week after learning of the main action, and 49 days after the Trust filed its initial complaint. Vante Decl. para. 19; ECF No. 22. The City's deadline to respond to the amended complaint is April 15, 2024, ECF No. 25, and Safe Horizon has met that deadline by filing the proposed motion to dismiss attached as Exhibit A—the Court need not "extend any preexisting deadlines or reschedule any proceedings to accommodate" Safe Horizon's intervention. *Yang v. Kellner*, No. 20 Civ. 3325 (AT), 2020 U.S. Dist. LEXIS 77975, at *4 (S.D.N.Y. May 3, 2020).

While the Court has heard and denied the Trust's motion for a preliminary injunction, the Trust has since amended its complaint, and no other substantive case activity has occurred. Therefore, the main action is in its early stages, and the timing of Safe Horizon's motion to intervene sits comfortably among precedents in this Circuit. *See Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 102–03 (D. Conn. 2007) (finding motion for intervention timely when

filed "the same day as the original defendants filed their answer"); *Blatch v. Franco*, No. 97-cv-3918, 1998 U.S. Dist. LEXIS 7717, at *18 (S.D.N.Y. May 26, 1998) (finding intervention timely when "[a] discovery schedule . . . was set only recently, and no depositions have yet been taken"); *Commack,* 170 F.R.D. at 100 (finding that "forty-six days [after the filing of the amended complaint] is not an unreasonable amount of time to file a motion to intervene"); *Herdman v. Town of Angelica*, 163 F.R.D. 180, 185 (W.D.N.Y. 1995) (finding that a motion to intervene filed "just ten weeks" after the complaint was timely).

Going forward, "additional briefing and argument will only help to facilitate a speedy, fair and accurate resolution of the case." *Garfield*, 241 F.R.D. at 103. "It may even be the case that efficiency is promoted by intervention, as the proposed [intervenors] may elucidate the peculiar difficulties" that Section 8 voucher holders would face should the Trust's claims succeed. *See McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989). The need for the Trust to respond to two motions to dismiss is not an "appreciable burden"; it would still need to respond to Safe Horizon's legal arguments if Safe Horizon were granted *amicus curiae* status instead. *See 335-7 LLC*, 2020 U.S. Dist. LEXIS 102425, at *9-10.

Conversely (and as discussed more fully below), if the motion is denied, Safe Horizon and the Section 8 voucher holders it serves will be harmed. Safe Horizon's clients—including those who have been rendered homeless due to abuse and domestic violence—number among the most vulnerable members of our society. While the City and Safe Horizon share the goal of upholding the NYCHRL's constitutionality, if the Trust succeeds, Section 8 voucher holders will be the ones who face extended homelessness and loss of their vouchers, and Safe Horizon will face significant increased costs. *Id.* paras. 11-13, 18.

2. *Safe Horizon has a substantial and unique interest in this litigation.*

Rule 24(b)(1)(B) "is satisfied where a single common question of law or fact is involved, despite factual differences between the parties." *McNeill*, 719 F. Supp. at 250. Safe Horizon's proposed defenses share the fundamental question of law with the main action: the constitutionality of the NYCHRL's prohibition of discrimination against Section 8 voucher holders. *See, e.g.*, *Bldg. & Realty Inst.*, 2020 U.S. Dist. LEXIS 174577, at *26-27 (discussing cases involving constitutional challenges where courts found that the proposed intervenors' defenses shared common questions of law or fact); *Miller*, 832 F. Supp. at 673-74 (granting permissive intervention where the proposed intervenors' "defense raises the same legal questions as the defense of the named defendants—all claims concern the constitutionality of the Housing Court's policies and procedures").

To merit intervention as of right, a party's interest in the litigation must be "direct, as opposed to remote or contingent." *Bldg. & Realty Inst.*, 2020 U.S. Dist. LEXIS 174577, at *28 (citations omitted). While a party seeking to intervene as a defendant need not establish standing, *Va. House of Delegates v. Bethune Hill*, 139 S. Ct. 1945, 1951 (2019), the "direct interest" requirement bears some similarity to the standing requirement of an injury-in-fact, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *cf. Bldg. & Realty Inst.*, 2020 U.S. Dist. LEXIS 174577, at *28-30 (discussing facts, such as impact on the proposed intervenors' members and the diversion of resources, that would also support organizational and associational standing); *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 87 (D. Conn. 2014) (citation and internal quotation marks omitted) ("The inquiry into impairment of interest looks to the practical disadvantage suffered . . . ."). Safe Horizon's interest in the litigation is substantial and buttresses its argument that it should be granted permission to intervene.

5

Safe Horizon has a strong connection to the Section 8 voucher program and the NYCHRL. Its Streetwork Project has served over 200 clients with Section 8 vouchers, and other Safe Horizon projects have helped their clients obtain vouchers. Vante Decl. paras. 5-6. Section 8 vouchers help the Streetwork Project fulfill its mission of connecting youth to safe and stable housing; however, its efforts are undermined when building owners and brokers refuse Section 8 vouchers or refuse to cooperate with Section 8 program requirements. *See id.* paras. 11-12. This discrimination against Section 8 voucher holders costs Safe Horizon money and resources, as it must pay more application fees for its Section 8 clients and provide more services to its clients, who remain homeless or unstably housed for longer periods (and may lose their vouchers). *Id.* paras. 10, 13.

Because the NYCHRL proscribes source of income discrimination against Section 8 voucher holders, NYC Admin. Code § 8-107(5)(a), Safe Horizon derives significant benefits from its protections: sharing information about the NYCHRL's prohibition on source of income discrimination is often enough to persuade owners and brokers and connect their clients with stable housing, and the NYCHRL provides recourse if the owner or broker continues to discriminate. Vante Decl. paras. 15-17. Safe Horizon has even been a plaintiff in a case brought pursuant to the NYCHRL that resulted in significant benefits for its clients. *Id.* para. 17.

If the NYCHRL's protections for Section 8 voucher holders were invalidated, Safe Horizon would encounter heightened challenges when seeking to connect youth to housing and would need to devote additional resources to helping its clients find and apply for housing and supporting them while they remained homeless. *Id.* paras. 12, 18; *cf. Centro de la Communidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 110 (2d Cir. 2017) (stating that an organization shows an injury-in-fact where a policy impedes its ability to carry out its

responsibilities); *Nnebe v. Daus*, 644 F.3d 147, 157 (2d Cir. 2011) (stating that a perceptible impairment of an organization's activities is an injury-in-fact). Safe Horizon's interest in preventing the harm that would result from the invalidation of the NYCHRL is just as direct and substantial as those presented by other successful intervenors.[1] *See, e.g.*, *Miller*, 832 F. Supp. at 671 ("[T]enants may face increased hardship as it becomes easier for landlords to evict tenants and harder for tenants to resist such actions. Therefore, Proposed Intervenors have a significant stake in the outcome of this lawsuit.").

Because Safe Horizon's interest in defending the NYCHRL is direct and substantial, the adequacy of the City's defense of the law should not block Safe Horizon's intervention request. *See id.* at 673-74 (granting intervention even when there was no indication that the government would not "vigorously defend" the case).

### B. **Safe Horizon will significantly contribute to the just and equitable adjudication of the validity of the NYCHRL's prohibition on source of income discrimination.**

For permissive intervention, an important factor is "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Brennan*, 579 F.2d at 191-92 (citation and internal quotation marks omitted). "Courts have often specifically recognized the benefits of intervention by tenant groups whose viewpoint and knowledge of the underlying

---

[1] While an organization may have a substantial interest in defending a law because it advocated for its passage, this fact supports the organization's interest for a reason akin to associational standing: it shows that the interest the organization seeks to protect is "germane to the organization's purpose." *Cf. Irish Lesbian & Gay Org. v. Giuliani* 143 F.3d 638, 649 (2d Cir. 1998). An organization certainly does not need to have lobbied for a law to have a direct interest in defending it. As explained above, Safe Horizon's direct interest is in preventing harm to itself, akin to organizational standing, and is no different than that of any individual who seeks intervention.

7

circumstances would assist the court during the course of litigation." *335-7 LLC*, 2020 U.S. Dist. LEXIS 102425, at *9.

Safe Horizon's position is directly analogous to the tenant groups frequently permitted to intervene by courts in this District.[2] *See, e.g.*, *335-7 LLC*, 2020 U.S. Dist. LEXIS 102425; *Bldg. & Realty Inst.*, 2020 U.S. Dist. LEXIS 174577. Like those tenant groups, Safe Horizon has expertise in how the laws at issue and the Section 8 program actually work—in its case, gained from real-world experience working with its clients. *Cf. Bldg. & Realty Inst.*, 2020 U.S. Dist. LEXIS 174577, at *32 ("[A]s explained by State Defendants during the Oral Argument, Proposed Intervenors 'have vast experience in the trenches in housing court' . . . . .").

Safe Horizon's Streetwork Project serves over 200 clients with Section 8 Emergency Housing Vouchers. Vante Decl. paras. 5, 8. It assists clients throughout the housing search and each step of the Section 8 subsidy approval process. *Id.* para. 8. Importantly, Safe Horizon has firsthand experience of how the NYCHRL's prohibition on source of income discrimination interacts with Section 8 program requirements. When Streetwork Project housing navigators encounter discrimination against Section 8 voucher holders, they invoke the NYCHRL and advocate for housing providers to comply. *Id.* paras. 11, 15-16. And Safe Horizon has brought a case pursuant to the NYCHRL involving alleged discrimination against Section 8 voucher holders that resulted in significant benefits for its Section 8 clients. *Id.* para. 17. Therefore, like the tenant groups, Safe Horizon's perspective is "unique" and "personal," and it has "specialized expertise and substantial familiarity" regarding both the Section 8 program and the NYCHRL's

---

[2] The tenant organizations' advocacy for the amendments to the Rent Stabilization Laws was one means by which they developed their "viewpoint and knowledge"; it was not the only basis for the courts' decision to permit intervention. *See, e.g.*, *335-7 LLC*, 2020 U.S. Dist. LEXIS 102425, at *8 (stating that proposed intervenors "closely serve tenants directly impacted by the RSL").

8

prohibition on source of income discrimination. *See Bldg. & Realty Inst.*, 2020 U.S. Dist. LEXIS 174577, at *33 (citations omitted).

Safe Horizon's contribution to this litigation would be "highly relevant" even though it involves a facial challenge. *See id.*; *Bldg. & Realty Inst. v. New York*, No. 19-CV-11285 (KMK); No. 20-CV-634 (KMK), 2021 U.S. Dist. LEXIS 174535, at *11 (S.D.N.Y. Sept. 14, 2021) ("BRI Plaintiffs request that this Court declare the HSTPA as facially unconstitutional and seek an injunction against its enforcement."). Facial challenges do not occur in a vacuum; the factual and legal context matters. This is particularly true for the Fourth Amendment. *See, e.g.*, *Patel v. City of Los Angeles*, 576 U.S. 409, 416 (2015) (stating that Fourth Amendment facial challenges are unlikely to succeed "when there is substantial ambiguity as to what conduct a statute authorizes." (citing *Sibron v. New York*, 392 U.S. 40, 59, 61, n. 20 (1968))). Due to the work of its housing navigators, Safe Horizon shares the vantage of Section 8 participants as they move through the voucher approval process, and its employees have firsthand knowledge of how the Section 8 program operates and how it interacts with the NYCHRL. Vante Decl. paras. 8, 15. This expertise is relevant to the Trust's claims that the interaction between the NYCHRL and the Section 8 program subjects it to unconstitutional searches and that the NYCRHL's source of income protections are preempted by federal law. ECF No. 21, Amended Complaint. Safe Horizon's unique perspective informs its proposed motion to dismiss, *see* Ex. A, and would aid the Court throughout this litigation.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Safe Horizon's motion to intervene.

Dated: April 15, 2024
New York, NY

                                                                            Respectfully submitted,

                                        By:      /s/ Evan Henley
                                                          Evan Henley
                                                          THE LEGAL AID SOCIETY
                                                          49 Thomas Street, Floor 5
                                                          New York, NY 10013
                                                          Tel.: 212-298-5233
                                                          ewhenley@legal-aid.org