UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

216 EAST 29th STREET TRUST,

    Plaintiff,

v.

CITY OF NEW YORK and NEW YORK CITY COMMISSION ON HUMAN RIGHTS,

    Defendants.

---

Case No. 24-cv-00595 (ER)

**DECLARATION IN SUPPORT OF MOTION TO INTERVENE**

I, Sebastien Vante, hereby declare the following under the penalty of perjury:

1. I am the Associate Vice President of Streetwork Programs at Safe Horizon, Inc. and am fully familiar with the goals, activities, and history of the organization.

2. Safe Horizon, Inc. ("Safe Horizon") is a non-profit organization that serves under resourced and vulnerable New Yorkers, including those who are unsheltered, unstably housed, or homeless due to abuse, domestic violence, racism, and other forms of violence. It was founded in 1978.

3. Safe Horizon's Streetwork Project serves homeless, unsheltered, and unstably housed youth through the age of 25 by offering a variety of services, including counseling, food, hygiene items, clothing, public benefits assistance, legal assistance, and housing and shelter advocacy.

4. The Streetwork Project assists clients in crisis by offering two "drop-in" centers, on the Lower East Side and in Harlem, where youth receive emergency support. Drop-in centers offer food, showers, metro cards, personal hygiene items, clothes, space to rest, and other

1

essential items. Housing navigators also staff drop-in centers to assist clients in locating housing opportunities and moving through the housing application and move-in process.

5. Between 2021 and 2022, Safe Horizon's Streetwork Project helped nearly 300 of its clients apply for the Section 8 Emergency Housing Voucher (EHV) program through the New York City Department of Youth and Community Development's EHV allocation. To date, over 200 of the Streetwork Project's clients have received a Section 8 voucher through the EHV program. All of the Streetwork Project's clients have EHVs administered by the New York City Housing Authority (NYCHA).

6. In addition, other Safe Horizon projects also helped their clients apply for and obtain EHVs.

7. Section 8 vouchers, including EHVs, must be used by deadlines set by NYCHA or another administering agency, or they expire. When a client's Section 8 voucher expires, there is a great risk that they will lose it permanently and will have no chance to obtain a replacement voucher.

8. The Streetwork Project employs housing navigators who help clients locate, apply for, and view apartments. Once clients are accepted by a landlord, housing navigators help their clients do the paperwork necessary to complete the rental and, for most of our clients, the subsidy approval process. We are very familiar with the steps of the "lease-up" process for Section 8 vouchers.

9. We continue to assist clients with EHVs in their search for housing.

10. Safe Horizon also pays the rental application fee for clients who lack the funds to pay themselves. This fee is typically $20 per application, and some clients submit many applications.

11. Our housing navigators and other staff frequently encounter source of income discrimination against our clients with vouchers, including EHVs. Some brokers and landlords overtly refuse to rent to people with vouchers; others try to hide their refusal to accept vouchers with a pretextual reason. We have also found that source of income discrimination is a cover or proxy for other types of discrimination, as the population of voucher holders overlaps considerably with the populations of other marginalized groups.

12. Source of income discrimination does not only harm our clients and undermine our mission to connect youth to safe and stable housing. It also drains our resources.

13. When our clients are rejected due to source of income discrimination and their applications are not seriously considered, we do not receive a refund of the application fee that we paid on their behalf. So, source of income discrimination results in us having to pay more application fees. Also, Safe Horizon provides other services to our homeless youth clients that require significant financial expenditures and staffing resources, including food, hygiene items, clothes, shelter, and transportation funds. When our clients are rejected due to source of income discrimination, they stay homeless longer, and their vouchers may expire and be permanently lost, and so we expend more resources to serve them.

14. While source of income discrimination remains a major issue, the prohibitions on source of income discrimination in the New York City Human Rights Law (NYCHRL) have had significant and concrete benefits for our clients.

15. For example, when we encounter source of income discrimination, we start by attempting to educate the landlord, broker, or management company that is discriminating. We frequently share pamphlets and factsheets prepared by the New York City Commission

3

on Human Rights and other agencies. Often, this is enough to get the landlord, broker, or management company to reconsider.

16. If our initial attempts to educate and advocate do not work, we seek legal advice, provide relevant court decisions to the landlord's attorney, and enlist a lawyer's assistance in reaching out to the landlord, broker, or property manager to explain their legal obligations.

17. Additionally, last year, Safe Horizon and six of our EHV clients filed a lawsuit alleging source of income discrimination claims under the NYCHRL. This lawsuit[1] resulted in the clients being approved for apartments and an agreement to connect other Safe Horizon clients with future available apartments.

18. We and our clients feel the effects of source of income discrimination now. Based on our current experience, and our experience of what occurred before New York City prohibited source of income discrimination, we can confidently say what the result would be if refusing Section 8 vouchers became lawful. Our clients would be homeless for longer. The housing available to them would largely be in areas with few amenities, employment opportunities, and public infrastructure. Even more of our resources would be spent helping our clients find housing and supporting them while they remained homeless.

19. We respectfully request that the Court allow Safe Horizon to intervene in this action, as we and our clients are directly threatened by the Plaintiff's attempts to invalidate the NYCHRL's prohibition on refusing to rent to Section 8 voucher holders. We learned of this action in the past week and quickly took steps to intervene.

---

[1] *Safe Horizon Inc. et al. v. 3823 Carpenter Ave LLC et al.*, Index No. 450373/2023 (N.Y. Sup. Ct.).

20. For the reasons stated above, we believe that our participation in this case will bring a unique perspective to this litigation and contribute to the court's understanding of the issues involved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 13, 2024
New York, NY

SEBASTIEN VANTE